# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **MATTHEW STOHS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   **Case No. 1:19-CV-1308-KOB** |
| | ) |
| | ) |
| **NEWREZ, LLC,** | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

This matter comes before the court on Defendant NewRez, LLC's motion to dismiss Plaintiff Matthew Stohs' complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 5). Mr. Stohs raises claims for violations of the Real Estate Settlement Procedures Act and breach of contract or estoppel, arguing that NewRez allegedly charged him incorrect mortgage fees and then failed to properly investigate and remedy the error. NewRez argues that Mr. Stohs' claims fail because NewRez properly looked into the alleged billing error and because Mr. Stohs' contract claim relies on a confidential settlement agreement to which NewRez was not a party.

After considering the submissions of the parties, the court will grant in part and deny in part NewRez's motion to dismiss. The court will deny NewRez's motion to dismiss Mr. Stohs' RESPA claim because Mr. Stohs' allegations, taken as true, establish a RESPA violation. On the other hand, the court will grant NewRez's motion to dismiss Mr. Stohs' contract and/or estoppel claim because he failed to allege that NewRez was a party to the contract or promise at issue. But, the court will *sua sponte* grant Mr. Stohs leave to amend his complaint within 21 days to remedy his pleading deficiencies, should he so desire.

1

## I. Factual Background

According to his complaint, Mr. Stohs has a federally related mortgage loan that Residential Credit Solutions serviced from 2013 to 2016. (Doc. 1). In 2015, Mr. Stohs sent RCS multiple notices of error challenging his mortgage fees. RCS failed to remedy the errors to Mr. Stohs' satisfaction, so he filed a lawsuit against RCS. The court ultimately dismissed that case on May 18, 2016 pursuant to a confidential settlement agreement, which Mr. Stohs says contained a provision stating that he did not owe any fees. While the suit was in progress, RCS transferred Mr. Stohs' mortgage loan to a new servicer, DiTech Financial. In March 2019, DiTech transferred the mortgage to NewRez. Mr. Stohs alleges that, "upon information and belief," NewRez assumed all of RCS's original rights and duties. (Doc. 1 at ¶ 17).

In April 2019, Mr. Stohs received his first bill from NewRez for roughly $800, the same amount that he had paid monthly to DiTech. In May, NewRez sent Mr. Stohs a bill for more than $6,000, purportedly because of overdue fees from during the time that RCS serviced the mortgage. On June 5, 2019, Mr. Stohs sent NewRez a notice of error pursuant to RESPA requesting that NewRez either fix the error or explain the fees. Mr. Stohs states that NewRez acknowledged the receipt of the notice of error but allegedly failed to take any action or send him further correspondence.

Mr. Stohs then filed the instant complaint alleging violations of RESPA and breach of contract or promissory or equitable estoppel. Mr. Stohs alleges that NewRez violated RESPA by never properly investigating or responding to his notice of error and continuing to send him incorrect bills. Mr. Stohs alleges breach of contract or estoppel because NewRez charged him fees that RCS had determined he did not owe. Mr. Stohs states that he has experienced actual damages because NewRez's actions have caused him distress and led him to incur fees and

expenses. NewRez now has moved to dismiss Mr. Stohs' complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)).

A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court has explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted

unlawfully." *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the court must dismiss the claim. *Id.*

Typically, when deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts do not go outside of the pleadings and "do not consider anything beyond the face of the complaint and documents attached thereto." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007).  However, an exception exists where a plaintiff refers to a document in his complaint, the document is central to his claim, the contents of the document are not in dispute, and the defendant attaches the document to its motion to dismiss." *Id.*

### III. DISCUSSION

#### a. RESPA Claim

In its motion to dismiss, NewRez argues that Mr. Stohs' RESPA claim cannot succeed because NewRez sent Mr. Stohs a substantive response to his notice of error on June 25, 2019, which requested a copy of the confidential settlement agreement Mr. Stohs entered into with RCS.  (Doc. 5 at 4).  NewRez asserts that, instead of responding or providing the settlement agreement, Mr. Stohs filed the instant lawsuit.  NewRez argues that the court should dismiss Mr. Stohs' complaint under Rule 12(b)(6) because its response to Mr. Stohs' notice of error met the RESPA requirements.

NewRez attached multiple documents to its motion to dismiss, including Mr. Stohs' mortgage, a notice of the transfer of servicing from DiTech to NewRez, Mr. Stohs' notice of error, and NewRez's acknowledgment of receipt of the notice of error. (Doc. 5-1–5-4).  NewRez

also attached an envelope-less letter addressed to Mr. Stohs from NewRez dated June 25, 2019 requesting the confidential settlement agreement. (Doc. 5-1–5-5). The letter requesting the confidential settlement agreement shows no indication of being mailed and NewRez did not attach any proof of mailing.

In response, Mr. Stohs asserts that he did not receive NewRez's response to his notice of error. (Doc. 7). He states that NewRez's own tracking data for the letter, which he obtained from NewRez's counsel, shows that the response was "left with an individual"—an individual whom he claims was an incorrect addressee—at an unidentified address and was then returned to NewRez rather than delivered to Mr. Stohs. (Doc. 7 at 3). Mr. Stohs argues that NewRez failed to show that the letter was authentic or that it was actually mailed to him. Mr. Stohs also asserts that, even if the letter had been properly delivered, it did not comply with RESPA because it conditioned NewRez's response upon Mr. Stohs providing documents.

Before the court can address the merits of NewRez's motion to dismiss, the court must decide whether to consider the exhibits NewRez attached to its motion to dismiss. Because the documents are not part of or attached to the complaint, typically the court could not consider them without converting the motion to dismiss to a motion for summary judgment. *See Fin. Sec. Assur., Inc.*, 500 F.3d at 1284. The court can only consider the documents at the motion to dismiss stage if they are referenced in the complaint, central to Mr. Stohs' claim, and undisputed. *See id*.

Here, NewRez attached multiple documents that Mr. Stohs did not attach to his complaint, including Mr. Stohs' mortgage note, a transfer notice for the mortgage, NewRez's acknowledgement of receipt of Mr. Stohs' notice of error, and a letter purportedly sent to Mr. Stohs on June 25, 2019 as a substantive response to Mr. Stohs' notice of error. (Doc. 5-1–5-5).

Mr. Stohs mentions the mortgage note, the notice of transfer, and the acknowledgment of receipt in his complaint. (Doc. 1). Additionally, the mortgage note and notice of transfer—which establish the basis for this suit and the parties involved—are undisputed and central to Mr. Stoh's complaint. So, the court can consider those attachments to NewRez's motion to dismiss without converting the motion to one for summary judgment. *See Fin. Sec. Assur., Inc.*, 500 F.3d at 1284.

The court cannot say the same for the substantive letter to Mr. Stohs that NewRez attaches to its motion to dismiss. The complaint does *not* reference a substantive response letter from NewRez. Further, as shown in Mr. Stohs' response to NewRez's motion to dismiss, Mr. Stohs disputes the content and authenticity of the letter. Thus, the court cannot consider NewRez's purported substantive response to Mr. Stohs at this stage of the proceedings. *See Fin. Sec. Assur., Inc.*, 500 F.3d at 1284. The court considers NewRez's motion to dismiss Mr. Stohs' RESPA claim without considering the substantive response attached to NewRez's motion to dismiss.

RESPA establishes rules for mortgage loan servicers. Among other duties, RESPA requires a mortgage loan servicer to reasonably respond to a qualified notice of error from a borrower in which the borrower asserts an error in the servicing of his mortgage. 12 U.S.C. § 2605(e). If the servicer receives a qualified notice of error, then, within 30 days of receipt, it must respond to the borrower by "fixing the error, crediting the borrower's account, and notifying the borrower; or by concluding that there is no error based on an investigation and then explaining that conclusion in writing to the borrower." *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1244 (11th Cir. 2016) (citing 12 U.S.C. § 2605(e)(2) and 12 C.F.R. § 1024.35(e)(1)(i)). If the servicer fails to adequately respond to a borrower's notice of error as

required by RESPA, then the borrower may bring a cause of action against the servicer for "any actual damages to the borrower as a result of the failure." 12 U.S.C. § 2605(f)(1)(A).

In this case, Mr. Stohs alleges in his complaint that he sent a qualified notice of error on June 5, 2019 when he saw that NewRez had included inappropriate charges in his mortgage statement. *See* 12 U.S.C. § 2605(e). Further, he alleges that NewRez did not credit his account, remove the incorrect charges, or send him a substantive response to his notice of error within 30 days. *See Renfroe*, 822 F.3d at 1244. Thus, his claim asserts that NewRez failed to either fix the error or explain why there was no error after an investigation. Taking Mr. Stohs' allegations as true, his complaint facially establishes a violation of RESPA's requirements for loan servicers. *See Renfroe*, 822 F.3d at 1244.

NewRez argues that the court should dismiss Mr. Stohs' facially sufficient claim because it actually did send Mr. Stohs a substantive response within 30 days, as required by RESPA. NewRez even attached the substantive letter that it purportedly sent to Mr. Stohs and then provided Mr. Stohs' counsel with postal tracking information—lacking an address or addressee—that NewRez said was for the letter. NewRez points to *Griffin Industries, Inc. v. Irvin* to support its argument for dismissal. 496 F.3d 1189 (11th Cir. 2007).

*Griffin* states that, where exhibits attached to the complaint "contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id.* at 1206. The principle articulated in *Griffin* applies if the exhibits "plainly show" that the complaint's allegations are untrue by providing "specific factual details" that "foreclose recovery as a matter of law." *Id.* at 1205–06. NewRez overstates the applicability of *Griffin* in this case.

As an initial matter, the exhibits relied upon by NewRez do not form part of the pleadings, as they were not attached to the complaint. In fact, as discussed above, the court

7

cannot consider the substantive response letter that NewRez attached to its motion to dismiss at the motion-to-dismiss stage.  See *Fin. Sec. Assur., Inc.*, 500 F.3d at 1284.   Even if the court *could* consider all of NewRez's exhibits, the exhibits do not conclusively contradict Mr. Stohs' complaint because they do not unequivocally show that NewRez actually provided a response to Mr. Stohs within 30 days of his notice of error, which would have foreclosed recovery as a matter of law.

In short, NewRez presents the court only with contested factual allegations conflicting with the allegations in Mr. Stohs' complaint.  NewRez offers no proof beyond its own assertions that it sent a substantive response letter to Mr. Stohs, especially where the letter shows no proof of mailing and the tracking information lacks a specific address or addressee.  The letter and tracking information simply do not constitute the kind of incontrovertible evidence contemplated in *Griffin. See Griffin,* 496 F.3d 1205–06.

The standard for reviewing Rule 12(b)(6) motions requires the court to accept as true the plaintiff's factual allegations and consider them in the light most favorable to the plaintiff. *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008).  NewRez asks the court to turn "the standard for considering a Federal Rule of Civil Procedure 12(b)(6) motion on its head"; NewRez would have the court accept its assertion that it sent a substantive response letter to Mr. Stohs rather than accepting Mr. Stohs' assertion that NewRez did not provide a response to his notice of error within 30 days. *Renfroe*, 822 F.3d at 1245.  The court will not subvert the standard in that way without a more concrete basis.

Mr. Stohs' allegations, taken as true and construed in the light most favorable to him, establish that NewRez failed to provide him with a response as required by RESPA. *See Timson*, 518 F.3d at 872*; Renfroe*, 822 F.3d at 1244.  Thus, Mr. Stohs' allegations "allow[] the court to

draw the reasonable inference" that NewRez "is liable for the misconduct alleged," and the court will deny NewRez's motion to dismiss Mr. Stohs' RESPA claim. *See Iqbal*, 556 U.S. at 678. Because the court finds that NewRez's motion should be denied on that basis, the court need not address whether the response in NewRez's attached letter sufficed under RESPA.

### b. Breach of Contract/Estoppel Claim

In the second portion of its motion to dismiss, NewRez argues that Mr. Stohs fails to state a claim for breach of contract because Mr. Stohs does not allege that NewRez is a party or successor in interest to his confidential settlement agreement with RCS. Additionally, NewRez argues that Mr. Stohs cannot rely on an estoppel argument because of the existence of an express contract: the confidential settlement agreement with RCS.

Mr. Stohs argues in response that he properly alleged that NewRez qualifies as a successor in interest to his mortgage account and the confidential settlement agreement that affected that account. (Doc. 7). He further asserts that the Rules of Civil Procedure allow him to argue estoppel as an alternative theory of liability in case the court finds no binding contract.

NewRez once again asserts that, as a nonparty, it cannot be bound by the confidential settlement agreement; it argues that Mr. Stohs impermissibly bases his argument on breach of mere "representations" by RCS. (Doc. 8 at 5–6). NewRez also repeats its assertion that estoppel cannot apply where a contract exists.

As a preliminary matter, while neither the complaint nor the briefs on NewRez's motion to dismiss explicitly address governing law for Mr. Stohs' contract claim, the court must address the issue. The court has supplemental jurisdiction over Mr. Stohs' contract/estoppel claim because it is related to his RESPA claim that arises under federal law. (Doc. 1 at ¶ 3); 28 U.S.C. 1367(a) (giving courts supplemental jurisdiction over claims related to claims over which the

9

court has original jurisdiction).  Federal courts hearing state law claims under supplemental jurisdiction "apply the forum state's choice of law rules to select the applicable state substantive law."  *Wingo v. S. Co.*, No. 2:17-CV-01328-LSC, 2018 WL 2416447, at *7 (N.D. Ala. May 29, 2018) (quoting *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1260 (11th Cir. 2015)).  In this case, forum law leads the court to consider the mortgage note that NewRez attached to its motion to dismiss, which shows that the case is governed by Alabama law.

Under Alabama law, the law of the state where a contract was made governs unless the parties have agreed to be governed by law from another jurisdiction.  *Colonial Life & Accident Ins. Co. v. Hartford Fire Ins. Co.*, 358 F.3d 1306, 1308 (11th Cir. 2004).  In contract disputes under Alabama law, the court first looks at whether the parties have specified a choice of law and, if not, looks to where the contract was made.  *DJR Assocs., LLC v. Hammonds*, 241 F. Supp. 3d 1208, 1220 (N.D. Ala. 2017).

In this case, the mortgage note—which NewRez attached to its motion to dismiss—shows that Alabama law applies.  (Doc. 5-1 at 11).  As discussed above, the court can consider the mortgage note because it was referenced in the complaint, was attached to NewRez's motion to dismiss, forms a central component of NewRez's claim, and has not been disputed.  *See Fin. Sec. Assur., Inc.*, 500 F.3d at 1284.  Further, it appears that the confidential settlement agreement, which Mr. Stohs references, was made in Alabama.  Accordingly, Alabama law applies to Mr. Stohs' state law claim.

Under Alabama law, a claim for breach of contract requires (1) "a valid contract binding the parties," (2) performance of the contract by the plaintiff, (3) nonperformance by the defendant, and (4) damages.  *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009)

(quoting *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002)).  A valid contract under Alabama law requires "an offer and acceptance, consideration, and mutual assent to the terms essential to the formation of a contract."  *Ex parte Grant*, 711 So. 2d 464, 465 (Ala. 1997) (quoting *Strength v. Ala. Dep't of Fin., Div. of Risk Mgmt.*, 622 So. 2d 1283, 1289 (Ala. 1993)).

In his complaint, Mr. Stohs specifically alleges that "[a]s a successor in interest to RCS, NewRez is bound by RCS's determination that its charges were improperly assessed and its resolution of Stohs' claims in the prior action."  (Doc. 1 at ¶ 40).  In the next sentence, Mr. Stohs states that "NewRez has breached that contract by claiming attempting [sic] to assess amounts that RCS originally claimed but subsequently agreed were not due."  (*Id.* at ¶ 41).  Those two statements constitute the entirety of Mr. Stohs' allegations of breach of contract by NewRez.  Such vague and unadorned allegations cannot survive NewRez's motion to dismiss.  *See Iqbal*, 556 U.S. at 678.

Mr. Stohs' allegations do not identify what contract or what provisions of that contract NewRez allegedly breached.  No requirement exists to attach the operative contract to a complaint alleging breach of contract.  *Grayson Inc. v. Glob. Payments Direct, Inc*., No. 13-CV-1256, 2013 WL 5719087, at *3 (N.D. Ala. Oct. 18, 2013).  However, the Eleventh Circuit has noted that a complaint alleging breach of contract must identify the essential terms of the contract that has allegedly been breached.  *Bazemore v. Jefferson Capital Sys.*, LLC, 827 F.3d 1325, 1331–32 (11th Cir. 2016).  Here, Mr. Stohs identifies neither the specific contract allegedly breached nor its terms.

To the extent that Mr. Stohs attempts to allege that NewRez breached the confidential settlement agreement between him and RCS, he has not alleged the existence of a contract "binding the parties."  *See Shaffer*, 29 So. 3d at 880.  Under Alabama law, someone who is not a

party to a contract or in privity with the contract generally cannot be sued for breach of that contract. *Jim Walter Res., Inc. v. Downard Longwall, Inc.*, No. 7:05-CV-01338-LSC, 2008 WL 11380012, at *3 (N.D. Ala. Jan. 16, 2008) (citing *Dunning v. New England Life Ins.*, 890 So. 2d 92, 97 (Ala. 2003)). "The term 'privity' indicates a mutual, legally recognized interest in the contract." *Id.*

In this case, the complaint does not allege that NewRez was actually a party to the settlement agreement. *See Jim Walter Res., Inc.*, No. 7:05-CV-01338-LSC, 2008 WL 11380012, at *3. The complaint also does not contain allegations supporting the idea that NewRez is in privity with the confidential settlement agreement. *See id.* Mr. Stohs' complaint only alleges that NewRez is a "successor in interest to RCS" on his mortgage note. *See* (Doc. 1 at ¶ 40). Other than the servicing of the note itself, the complaint does not allege any specific connection between NewRez and the confidential settlement agreement that arose prior to NewRez becoming servicer of Mr. Stohs' mortgage. The complaint does not even suggest any knowledge by NewRez of that settlement agreement. In fact, Ditech acted as an intervening servicer between the time of the settlement and the time when NewRez took over the mortgage, which calls NewRez's knowledge even more into doubt. Because Mr. Stohs fails to specifically assert that NewRez had any clear relationship to the confidential settlement agreement, his complaint fails to allege that NewRez had a legally recognized interest in the settlement agreement. *Jim Walter Res., Inc.*, No. 7:05-CV-01338-LSC, 2008 WL 11380012, at *3.

In short, Mr. Stohs' breach of contract claim presents mere "naked assertions" and conclusions that NewRez should be bound by the confidential settlement without the necessary supporting factual allegations. *See Twombly*, 550 U.S. at 555, 557. Because the complaint does not allege facts indicating that NewRez was a party to, in privity with, or assumed the

confidential settlement agreement, Mr. Stohs cannot sue NewRez for breach of that agreement. *See Jim Walter Res., Inc.*, No. 7:05-CV-01338-LSC, 2008 WL 11380012, at *3.

On the other hand, Mr. Stohs does allege in his complaint that NewRez is a successor in interest to the mortgage note and, thus, bound by that contract. But Mr. Stohs' complaint contains no specific factual allegations regarding *how* NewRez allegedly breached the terms of the mortgage note. The vague assertion that NewRez "breached that contract" by attempting to assess amounts that RCS—the prior servicer—decided were not due, without indicating why or how that alleged action would violate the provisions of the mortgage note, provides only an "unadorned, the-defendant-unlawfully-harmed-me accusation" of breach that does not even rise to the level of a "formulaic recitation" of the elements of breach of contract because it does not clearly allege the contract breached. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557. (Doc. 1 at ¶ 41). Mr. Stohs' allegations simply do not adequately provide NewRez or the court with the grounds of his entitlement as required by notice pleading. *See Twombly*, 550 U.S. at 555. Therefore, the court finds that Mr. Stohs' breach of contact claim cannot survive NewRez's motion to dismiss.

Mr. Stohs also presents an alternative theory for relief under his contract claim: promissory or equitable estoppel. As a preliminary matter, the court finds no problem with pleading alternative theories. Federal Rule of Civil Procedure 8(d) expressly allows parties to plead alternative and inconsistent claims. Fed. R. Civ. P. 8(d)(2), (3); *United Technologies Corp. v. Mazer,* 556 F.3d 1260, 1273–74 (11th Cir. 2009). Nevertheless, Mr. Stohs has not presented sufficient allegations to proceed under a theory of promissory or equitable estoppel.

In his complaint, Mr. Stohs alleges that "RCS's prior acknowledgment constituted a promise and/or representation that the amounts were not due" and Mr. Stohs "relied on that

13

promise." (Doc. 1 at ¶¶ 43–45). Mr. Stohs states that "among other things" he agreed to settle his lawsuit against RCS based on RCS's representation that it had charged improper fees. (*Id.* at ¶ 45). Mr. Stohs alleges that "[a] substantial injustice would occur if NewRez were permitted to claim" fees on his mortgage account that RCS "admitted were not due and were improperly assessed, and which it was determined that Stohs did not owe by judicial order in a prior legal proceeding." (*Id.* at ¶ 46). Based on these allegations, Mr. Stohs has not adequately alleged that *NewRez*, not RCS, should be subject to promissory or equitable estoppel.

The doctrines of promissory and equitable estoppel exist "to promote equity and justice in an individual case" by preventing a party from hiding behind a technical rule where his conduct would render a finding in his favor "contrary to equity and good conscience." *Mazer v. Jackson Ins. Agency*, 340 So. 2d 770, 772 (Ala. 1976) (quoting *First National Bank of Opp v. Boles,* 165 So. 586, 592 (1936)). The court need only decide whether to apply promissory estoppel when it has "determined that no binding contract existed." *Aldridge v. DaimlerChrysler Corp.,* 809 So.2d 785, 794 (Ala. 2001). Courts cannot rely on estoppel to create liability where there exists an express, binding contract on the same subject matter that has not been breached; in other words, courts cannot use estoppel to create primary contractual liability where none would otherwise exist. *Walk, Inc. v. Zimmer, Inc.*, No. 2:13-CV-01743-JEO, 2014 WL 2465311, at *9 (N.D. Ala. May 30, 2014).

The elements of a promissory estoppel claim in Alabama are (1) a promise; (2) that the promisor "should reasonably expect to induce action or forbearance of a definite and substantial character"; (3) that the promise induced such action or forbearance; and (4) the existence of injustice that "can be avoided only by enforcement of the promise." *Branch Banking & Tr. Co. v. Nichols*, 184 So. 3d 337, 347 (Ala. 2015). Similarly, the elements of an equitable estoppel

claim in Alabama are (1) the party to be estopped must have knowledge of the relevant facts but communicate in a misleading way; 2) the other party must rely on that communication; and 3) the other party would be harmed by subsequent inconsistent conduct by the party to be estopped. *Pierce v. Hand, Arendall, Bedsole, Greaves & Johnston*, 678 So.2d 765, 768 (Ala. 1996). Alabama law recognizes that "the elements of equitable and promissory estoppel are essentially the same." *Branch Banking & Tr. Co.*, 184 So. 3d at 347.

As an initial matter, the court notes that Mr. Stohs mischaracterizes the outcome of his previous lawsuit against RCS. No "judicial order" before the court actually determined that RCS had improperly charged the mortgage fees at issue; rather, the parties reached a joint settlement agreement resulting in dismissal. *See* (Doc. 1 at ¶ 46); *Stohs v. Residential Credit Solutions, Inc.,* 1:15-cv-1411-JEO, (doc. 20). An agreement between RCS and Mr. Stohs underlies Mr. Stohs' allegations in this case, not a court order.

Moreover, *RCS* and Mr. Stohs made that agreement—not NewRez and Mr. Stohs. Granting Mr. Stohs the benefit of the doubt, the court assumes without finding that the difference between RCS and NewRez could work to prevent the presence of an express binding contract that would foreclose the application of estoppel. *See Walk, Inc. v. Zimmer, Inc.*, No. 2:13-CV-01743-JEO, 2014 WL 2465311, at *9. Nevertheless, Mr. Stohs' allegations do not meet the elements for promissory or equitable estoppel.

Mr. Stohs has not alleged that NewRez, as opposed to RCS, made him any promises that were meant to induce or that did induce action by Mr. Stohs. *See Branch Banking & Tr. Co.*, 184 So. 3d at 347. He also has not alleged that NewRez made any misleading communications to Mr. Stohs. *See Pierce*, 678 So. 2d at 768. Further, Mr. Stohs argues the RCS's alleged promise induced him to drop his lawsuit against RCS—not that it induced him to take any action

15

involving NewRez or even directly his mortgage. Thus, Mr. Stohs has not alleged the elements of a claim for promissory of equitable estoppel against NewRez. *See Branch Banking & Tr. Co.*, 184 So. 3d at 347; *Pierce*, 678 So. 2d at 768.

Additionally, as addressed briefly above, Mr. Stohs does not appear to even allege that NewRez had knowledge of the details of RCS's settlement agreement with Mr. Stohs. Binding NewRez to an alleged promise by RCS that it might not even have known about would not "promote equity and justice." *See Mazer*, 340 So. 2d at 772. Thus, the court finds Mr. Stohs' claim for breach of contract and/or estoppel must be dismissed.

## IV. Conclusion

For the reasons discussed above, the court will GRANT IN PART and DENY IN PART NewRez's motion to dismiss. The court finds that, because of contested allegations of fact, Mr. Stohs has adequately alleged his claim under RESPA. So, the court will DENY NewRez's motion to dismiss Mr. Stohs' RESPA claim. However, the court will GRANT NewRez's motion to dismiss Mr. Stohs' contract and/or estoppel claim because his allegations do not support relief as a matter of law. Thus, the court DISMISSES WITHOUT PREJUDICE Mr. Stohs' contract/and or estoppel claim. However, in the interest of justice, the court *SUA SPONTE* GRANTS Mr. Stohs leave to amend his complaint within 21 days, should he so desire, to remedy his pleading deficiencies.

**DONE** and **ORDERED** this 18th day of June, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE